This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-41252

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**KARLA C.,**

       Respondent-Appellant,

**IN THE MATTER OF NOHA L.M.,**

       Child.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace Duran, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Cravens Law LLC
Richard H. Cravens, IV
Albuquerque, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**YOHALEM, Judge.**

**{1}** Mother appeals from the district court's judgment terminating her parental rights as to Child. We issued a calendar notice proposing to affirm. Mother has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** In her memorandum in opposition, Mother continues to challenge that all the issues of law and fact were not disposed of to the fullest extent possible. [MIO 14] Specifically, Mother argues that the Children, Youth & Families Department (CYFD) "is not allowed to shift the burden completely onto [Mother]" and that CYFD "has a duty to dispose of all of the facts and issues of law to the fullest extent possible and that they did not do so in this case." [MIO 14-15] Mother, however, does not dispute any of the facts or law upon which our proposed analysis relied. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Nor does she provide any new facts or citation to authority to demonstrate that the issues of law and fact were not disposed of to the fullest extent possible. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (explaining that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. As such, we conclude that the arguments asserted by Mother in her memorandum in opposition do not impact our analysis or our proposed disposition of this issue.

**{3}** Mother also continues to argue that there was insufficient evidence to support the adjudication of neglect and that CYFD did not meet its burden of showing by clear and convincing evidence that Child was neglected at the termination of parental rights hearing. [MIO 10-14] However, Mother has not asserted any new facts, law, or argument that persuade this Court that our notice of proposed disposition was erroneous. *See Hennessy*, 1998-NMCA-036, ¶ 24; *Mondragon*, 1988-NMCA-027, ¶ 10. Accordingly, we remain persuaded that the evidence presented supported the district court's adjudication of neglect and its finding of neglect in the order terminating Mother's parental rights.

**{4}** Additionally, to the extent Mother seeks to raise a new issue that she did not want to have her rights terminated and that she wanted to have another individual act as a resource parent, we construe this as a motion to amend the docketing statement. [MIO 13] *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309 (explaining that this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely, (2) states all facts material to a consideration of the new issues sought to be raised, (3) explains how the

issues were properly preserved or why they may be raised for the first time on appeal, (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement, and (5) complies in other respects with the appellate rules).

**{5}** Mother asserts that she provided CYFD with two different people to be investigated as a possible resource parent. [MIO 13] CYFD set up a meeting with the first individual; Mother, however, failed to show up. [MIO 13] CYFD also set up a meeting to investigate the second individual, but both Mother and the individual were late and the meeting did not take place. [MIO 14] Mother contends that CYFD failed to follow through to discover who either potential resource parent was. [MIO 13] Based on the facts before us, however, we are unpersuaded that more was required of CYFD to follow up on these potential resource parents. *See State ex rel. Child., Youth & Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 27, 132 N.M. 299, 47 P.3d 859 ("CYFD is only required to make reasonable efforts, not efforts subject to conditions unilaterally imposed by the parent."); *id.* ¶ 23 ("What constitutes reasonable efforts may vary with a number of factors, such as the level of cooperation demonstrated by the parent and the recalcitrance of the problems that render the parent unable to provide adequate parenting."). Accordingly, we deny the motion to amend as not viable. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (explaining that this Court will deny motions to amend that raise issues that are not viable), *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{6}** For the reasons stated in our notice of proposed disposition and herein, we affirm the termination of Mother's parental rights.

**{7}   IT IS SO ORDERED.**

**JANE B. YOHALEM, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**JACQUELINE R. MEDINA, Judge**